IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CYNTHIA E. SWEET,                          Civil No. 07-1627-AA

        Plaintiff,                      OPINION AND ORDER

    v.

COMMISSIONER of Social
Security,

        Defendant.
_____

Tim Wilborn
Wilborn Law Office, P.C.
19093 S. Beavercreek Road, PMB #314
Oregon City, OR  97045
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

David J. Burdett
Special Assistant United States Attorney
Social Security Administration

1 - OPINION AND ORDER

701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
    Attorneys for defendant

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's decision denying her application for disability insurance benefits under Title II of the Act. The decision of the Commissioner is reversed and remanded for further proceedings.

## DISCUSSION

Plaintiff argues that the ALJ erred in failing to address all of her "severe" impairments step two of the disability analysis and failing to consider functional limitations resulting from those impairments. Plaintiff also argues that the ALJ failed to consider plaintiff's ability to perform sustained employment, and that he failed to obtain the testimony of a vocational expert in finding plaintiff able to perform her past relevant work.

I find no error at step two, given that plaintiff alleged no specific or additional limitations from the impairments that she claims the ALJ disregarded, such as depression.

However, I agree that the ALJ erred in his findings at step four with respect to plaintiff's ability to perform her past work. At step four, the ALJ is required to determine a claimant's residual functional capacity (RFC), an assessment of the sustained

2 - OPINION AND ORDER

work-related activities the plaintiff can still do on a regular and continuing basis, despite the limitations of her impairments. 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96-8p. Once the claimant's RFC is assessed, the ALJ determines whether the claimant retains the ability to perform past work.

Here, the ALJ adopted the RFC assessment of the reviewing medical expert and found that plaintiff retained the ability to perform light work, in that plaintiff could lift twenty pounds occasionally and ten pounds frequently and walk, stand, and sit for six hours in an eight-hour day. Tr. 17. Based on his RFC assessment and plaintiff's description of her former work, the ALJ found that plaintiff's RFC did not preclude performance of her past relevant work as a clerical supervisor. Tr. 17. However, the ALJ failed to make findings regarding the functional requirements of plaintiff's past relevant work to determine whether it fell in the category of light work. "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001).

Further, the ALJ did not obtain the testimony of a vocational expert in assessing whether plaintiff's RFC enabled her to perform her past work. Id. ("We have never required explicit findings at step four regarding a claimant's past relevant work both as

3 - OPINION AND ORDER

generally performed *and* as actually performed. The vocational expert merely has to find that a claimant can or cannot continue his or her past relevant work as defined by the regulations above."). Thus, the finding that plaintiff can perform her past relevant work is not supported by the evidence of record.

Finally, plaintiff argues that the ALJ erred in finding her subjective complaints of pain partially credible. In doing so, the ALJ cited the opinion of the reviewing medical expert, the lack of objective medical evidence in support of her complaints, plaintiff's daily activities, and the absence of disability opinions or functional limitations by medical providers. Tr. 17. However, the ALJ failed to give specific examples of plaintiff's daily activities that conflict with her allegations of pain and her inability to work on a sustained basis and the lack of objective medical evidence cannot support rejecting the severity of a claimed symptom. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883-84 (9th Cir. 2006); Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001). On remand, the ALJ - in assessing and determining plaintiff's RFC - shall reevaluate plaintiff's subjective complaints and give specific, clear, and convincing reasons for disregarding any claimed limitations.

In sum, I find that outstanding issues must be resolved before a determination of disability can be made. Harman v. Apfel, 211

4 - OPINION AND ORDER

F.3d 1172, 1178 (9th Cir. 2000). Accordingly, the case is remanded for further proceedings to allow the ALJ to reevaluate plaintiff's application at step four (and five, if necessary), assess plaintiff's RFC in light of her functional limitations supported by the record, and obtain testimony from a vocational expert to determine whether plaintiff retains the RFC to perform her past relevant work or other work existing in significant numbers in the national economy.

## CONCLUSION

The ALJ's conclusion that plaintiff is not disabled under the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 14 day of December, 2008.

                         /s/ Ann Aiken
                         Ann Aiken
                         United States District Judge